\* IN THE MATTER OF THE BROADWAY UNDERGROUND RAILWAY COMPANY.

*Underground railroad — how the refusal of the property owners to consent to the construction of the road must be shown — Chap. 582 of 1880.*

To authorize a General Term of the Supreme Court, acting under chapter 582 of the Laws of 1880, to appoint commissioners to determine whether and in what manner an underground railroad shall be constructed it must be shown affirmatively, by a statement of the facts, what application for the consent of the owners of the property bounded on the line of the proposed railroad has been made and refused, and that the persons to whom the same was made were in fact the owners of at least one-half in value of such property.

A statement that the affiant has endeavored, but failed, to obtain the consent of one-half in value of the property owners, and that he believes such consent cannot be obtained because such owners prefer that the railroad should be built under the guarantees that would be afforded by a proceeding under the statutes for the appointment of commissioners, is insufficient.

MOTION for the appointment of commissioners to determine whether an underground railroad should be constructed in the city of New York.

The petition in the above entitled matter, addressed to the General Term, states that the said company is a corporation organized under the act of the legislature of the State of New York, entitled "An act to authorize the formation of railroad corporations and to regulate the same," being chapter 140 of the Laws of 1850, and the acts amendatory thereof and supplementary thereto, for the purpose of building a railroad underground and in a tunnel, commencing at the north line of Park place, on Broadway, in the city of New York, and extending under Broadway to the north line of Fourteenth street, and to be constructed at such depth below the surface of Broadway as will enable your petitioner to build the same, and at all times to keep the surface of the street and the adjoining land of private owners in a firm and safe condition for public travel, and for the foundations of the buildings now existing or thereafter to be built upon the sides of the said street. That it is proposed to build the said road in pursuance of the powers granted by chapter 582 of the Laws of 1880. That the requirements of the laws afore-

---

\* Decided December, 1880.

said, with respect to the incorporation of companies, have·been fully complied with, and that stock in the said corporation to the extent of $10,000 per mile of the road proposed to be built has been actually subscribed for, and ten per cent of said subscription been actually paid to the company in cash.

That your petitioner has applied for the consent of the owners of one-half in value of the property bounded on the said street, and on the line of the proposed tunnel and railroad, to the building of the same, but for the reason set forth in the affidavit of Walter J. Morris, hereto annexed, such consent has not been given, and consequently a necessity has arisen for the appointment of commissioners under the provisions of the said act, chapter 582 of the Laws of 1880. That your petitioner has applied for the consent of the board of aldermen of the city of New York, the authority having the control of the said street, and such consent has not been obtained.

Then follows a prayer for the appointment of commissioners.

The petition is verified in the usual form by Robert Sewell, president, November 24, 1880.

Annexed to the petition is the affidavit of Walter J. Morris, who says that he is a civil engineer, and the engineer of the said company petitioner; that such road has been surveyed, and a map and profile of the proposed railway has been filed in the register's office as required by law, and that the same remains of record in the said office; "that he has endeavored to obtain the consent of one-half in value of the property owners whose property is bounded on the said street, and on the line of the proposed railway, to the building of the same, and that he has not obtained such consent;" that he believes such consent cannot be obtained and is not withheld from opposition to the proposed work of public improvement, but because it is the wish and desire of the said property owners, who are in favor of the same, to have the same built under the guarantees that will be afforded by a proceeding under the statute in such case made and provided, in respect to the question of allowing the same to be built, and in what manner the work is to be carried on and completed.

That he has devised a plan of construction which will be of advantage to the public interest, and that he believes any modifi-

fications by the commissioners will be easily and cheerfully acceded to.

Sworn to November 24, 1880.

The application was for an order to show cause, the return day thereof being left blank, why commissioners should not be appointed under the act of 1880.   (Chap. 582 of Laws of 1880.)

*G. T. Curtis*, for the petitioner.

PER CURIAM:

The petition states that an application has been made for the consent of the owners of one-half in value of the property bounded on Broadway along the line of the proposed tunnel and railroad, and that for the reason set forth in the affidavit of Walter J. Morris, thereto annexed, such consent has not been given.

The affidavit of Mr. Morris fails to show that any personal application has been made to such owners, and that any actual refusal has been given.   The affiant simply states that he has endeavored to obtain the consent of one-half in value of the property owners, and has not obtained such consent, and that he believes such consent cannot be obtained because the property owners prefer that the railroad should be built under the guarantees that would be afforded by a proceeding under the statute for the appointment of commissioners, etc.   This we cannot accept as a compliance with the requirements of the statute   It must be shown affirmatively by a statement of the facts what application, to which consent has been refused, has been made, and to whom, and that the persons to whom the application was made are in fact owners of at least one-half of the property bounded on the proposed railroad, so that the court can judge, and not the affiant, whether there has been such an application and such a refusal as the statute requires.

The very general statements of the petition and affidavit does not confer jurisdiction upon the court to appoint the commissioners.

The motion must therefore be denied, but without prejudice to further proceedings after the requirements of the statute shall have been complied with.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Motion denied, without prejudice to any further application on sufficient facts.